UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WAYNE RUDDER, ) <br> ) <br> Defendant. ) <br> _____ ) | NO. **CV-14-3156-LRS** <br><br> **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND SUMMARILY REMANDING TO YAKIMA COUNTY SUPERIOR COURT** |

Defendant purports to have removed his Yakima County Superior Court criminal prosecution (Case No. 13-1-00989-2) to this court pursuant to 28 U.S.C. §§ 1443 and 1455.  On October 21, 2014, Defendant filed in this court a "Motion For Appointment Of Counsel For This Matter Of Notice Of Removal" (ECF No. 1).  On the same date, he apparently filed the same document in Yakima County Superior Court.

Although Defendant is represented in the criminal matter by Scott A. Bruns, Esq., an attorney appointed by the Yakima County Superior Court, Defendant has filed his motion *pro se*.  No counsel for the State of Washington has appeared before this federal court to address the validity of Defendant's purported removal.

Whenever a state-court criminal prosecution is removed, the federal court must "examine the notice [of removal] promptly" upon its filing, and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL,** *INTER ALIA*- 1

remand." 28 U.S.C. § 1455(b)(4).  Under narrow and limited circumstances, state-court criminal prosecutions may be removed to federal court.  Any criminal defendant may remove a criminal prosecution to federal court if he seeks to- and, because of state law, cannot- assert a defense to the prosecution based on federal laws protecting equal civil rights.  28 U.S.C. § 1443(1).  A petition for such removal must satisfy a two-part test.  It must assert: 1) "as a defense to the prosecution, rights that are given to [the defendant] by explicit statutory enactment protecting equal racial civil rights,'" and 2) that such rights cannot be enforced because of "'a state statute or a constitutional provision that purports to command the state courts to ignore federal rights." *Patel v Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006).[1]

      Defendant claims his prosecution in Yakima County Superior Court for theft, identity theft, and unlawful practice of law is "motivated by racism against Hispanics and against Afro Americans."  The Defendant is apparently an African-American who operates a business offering immigration services to a predominantly Hispanic clientele.  Defendant's claim is akin to the claim made by the defendants in *City of Greenwood v. Peacock*, 384 U.S. 808, 826, 86 S.Ct. 1800 (1966), who sought removal of their criminal prosecutions to federal court on the basis that they had been arrested by state officers and charged with various offenses under state law "because they were Negroes or because they were engaged in helping Negroes assert their rights under federal equal civil rights laws" and were completely innocent of the charges against them, or that they

---

[1] Defendant cannot rely on §1443(2) because this subsection of the statute is available only to federal officers and to persons assisting such officers in the performance of their official duties.  *City of Greenwood v. Peacock*, 384 U.S. 808, 815, 86 S.Ct. 1800 (1966).

**ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL,** *INTER ALIA***- 2**

1  would be unable to obtain a fair trial in the state court.  The United States Supreme

2  Court held these allegations were insufficient to entitle defendants to removal

3  under 28 U.S.C. § 1443(1).  As the Court explained:

> [N]o federal law confers an absolute right on private citizens- on civil rights advocates, on Negroes, or on anybody else- to obstruct a public street, to contribute to the delinquency of a minor, to drive an automobile without a license, or to bite a policeman.  Second, no federal law confers immunity from state prosecution on such charges.
>
> To sustain removal of these prosecutions to a federal court upon the allegations . . . in this case would therefore mark a complete departure from the terms of the removal statute, which allow removal only when a person is 'denied or cannot enforce' a specified federal right 'in the courts of (the) State,' . . . .  It is not enough to support removal under s 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by the state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court.  The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any manner the defendant will be 'denied or cannot enforce in the courts' of the State any right under a federal law providing for equal civil rights. . . .  Under s 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

384 U.S. at 826-28.

    In the instant case, no federal law confers an absolute right on anybody to engage in theft, identity theft, and the unlawful practice of law.  No federal law confers immunity from state prosecution on such charges.  It is not enough for Defendant to allege his federal equal civil rights have been illegally and corruptly denied by local law enforcement officers, that the charges against him are false, or that he is unable to obtain a fair trial in Yakima County Superior Court.  The

**ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL,** *INTER ALIA*- 3

vindication of Defendant's federal rights are properly left to the Yakima County Superior Court because this is not the "rare situation[] where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing" the Defendant to trial in Yakima County Superior Court. If, for some reason, Defendant's federal rights are not vindicated by the trial or reviewing courts of the State of Washington, Defendant can seek such vindication on direct review by the United States Supreme Court. *Greenwood*, 384 U.S. at 828-29. Federal habeas corpus is also potentially available to vindicate any federal rights denied at a trial in state court which go uncorrected by state reviewing courts. *Id*. at 829.

     Defendant's purported removal is defective for an additional reason: although represented by counsel, Defendant seeks to remove this action *pro se*. Defendant may not file *pro se* pleadings with this court as long as he is represented by counsel. *See e.g., United States v. Gallardo*, 915 F.Supp. 216, 218 n. 1 (D. Nev. 1995). Defendant has a right to represent himself *pro se* without the assistance of counsel. He has not yet, however, "knowingly, intelligently, and unequivocally invoked his right to self-representation." *Id*. at 217. Until he invokes that right, and as long as he remains represented by counsel in the underlying state criminal prosecution, Defendant may not proceed *pro se* in this court.

     Defendant's "Motion For Appointment Of Counsel For This Matter Of Notice Of Removal" (ECF No. 1) is **DENIED** and pursuant to 28 U.S.C. § 1455(b)(4), this matter is summarily **REMANDED** to the Yakima County Superior Court (Cause No. 13-1-00989-2) for all further proceedings.

///

///

///

**ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL,** *INTER ALIA*- 4

**IT IS SO ORDERED.** The District Court Executive shall forward copies of this order to Defendant, to Mr. Bruns, to the Yakima County Prosecutor's Office, and to the Yakima County Superior Court. This file shall be **CLOSED**.

**DATED** this  23rd   day of October, 2014.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
Senior United States District Court Judge

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL, *INTER ALIA*- 5